UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY C. PRICE,

    Plaintiff,

v.                              Case No: 2:19-cv-655-FtM-29MRM

LAKEVIEW LOAN SERVICING, LLC,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #10) filed on September 13, 2019. Plaintiff filed a Response in Opposition (Doc. #31) on October 17, 2019. For the reasons set forth below, the motion is granted.

**I.**

On July 19, 2019, *pro se* plaintiff Gregory C. Price (Plaintiff) filed a Complaint[1] against defendant Lakeview Loan Servicing, LLC (Defendant) in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida. (Doc. #3.) The Complaint asserts claims against Defendant for breach of contract (Count I); fraud (Count II); violation of the Racketeer

---

[1] Plaintiff's pleading is titled as a "Court of Record Tort Claim Petition and Request for a Hearing or Trial by Jury." The Court refers to this document as a "Complaint."

Influenced and Corrupt Organization Act (Count III); "Lack of Jurisdiction" (Count IV); and financial discrimination (Count V). On September 6, 2019, Defendant removed the action to this Court on the basis of federal question jurisdiction. (Doc. #1.)

Even liberally construing Plaintiff's Complaint, the underlying facts of this case are unclear to the Court. The Complaint appears to allege that Defendant demanded payment from Plaintiff on a debt Plaintiff does not owe Defendant. Defendant now moves to dismiss the Complaint because (1) the Complaint is a shotgun pleading; (2) Plaintiff failed to effect sufficient service of process; and (3) Plaintiff failed to state a legally sufficient cause of action.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding *pro se*, like the Complaint in this case, is held to a less stringent standard than one drafted by an attorney and is liberally construed. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015)(citation omitted). Nonetheless, a *pro se* pleading "must suggest (even if inartfully) that there is at least some factual support for a

claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id.

Shotgun pleadings violate Rule 8 because they "fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015).[2] The Eleventh Circuit has "condemned shotgun pleadings time and again," and encourages district courts to "strike the [pleading] and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357 (11th Cir.

---

[2] In Weiland, the Eleventh Circuit identified "four rough types or categories" of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

Weiland, 792 F.3d at 1321-23.

4

2018)(citations and quotation omitted); see also Cramer v. Fla., 117 F.3d 1258, 1263 (11th Cir. 1997)("Shotgun pleadings . . . exact an intolerable toll on the trial court's docket.").

**III.**

**A.   Shotgun Pleading**

The Court agrees with Defendant that Plaintiff's Complaint is a shotgun pleading.  While the Complaint does separate each cause of action, it contains no numbered paragraphs as required by Rule 10(b), it fails to identify which facts apply to a particular cause of action, and it is comprised of incoherent commentary.  Such a pleading fails to give Defendant "adequate notice of the claims against [it] and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.  Plaintiff's Complaint is thus dismissed without prejudice.  Jackson, 898 F.3d at 1357.[3]

The Court will grant Plaintiff an opportunity to remedy his pleading deficiencies under the Federal Rules of Civil Procedure. Should Plaintiff elect to file an Amended Complaint, the Court encourages Plaintiff to consult the "Litigants without Lawyers" section of the Middle District of Florida's website: https://www.flmd.uscourts.gov/litigants-without-lawyers.   This

---

[3] Because the Court dismisses Plaintiff's Complaint as a shotgun pleading, the Court need not reach the issue of whether Plaintiff stated a legally sufficient cause of action.

webpage has tips, answers to frequently asked questions, and sample forms which may help Plaintiff generate a clear Amended Complaint.

**B.   Service of Process**

The Court also agrees with Defendant that Plaintiff failed to effect sufficient service of process. A federal court considering "the sufficiency of process after removal [] does so by looking to the state law governing process." <u>Usatorres v. Marina Mercante Nicaraguenses, S.A.</u>, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985)(citation omitted). Service of process on a limited liability company such as Defendant is governed by Section 48.062 of the Florida Statutes. In relevant part, Section 48.062 provides that:

> (1) Process against a limited liability company, domestic or foreign, may be served on the registered agent designated by the limited liability company under chapter 605. A person attempting to serve process pursuant to this subsection may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office.
>
> (2) If service cannot be made on a registered agent of the limited liability company because of failure to comply with chapter 605 or because the limited liability company does not have a registered agent, or if its registered agent cannot with reasonable diligence be served, process against the limited liability company, domestic or foreign, may be served:
>
>> (a) On a member of a member-managed limited liability company;
>>
>> (b) On a manager of a manager-managed limited liability company; or

>    (c) If a member or manager is not available during regular business hours to accept service on behalf of the limited liability company, he, she, or it may designate an employee of the limited liability company to accept such service. After one attempt to serve a member, manager, or designated employee has been made, process may be served on the person in charge of the limited liability company during regular business hours.
>
> (3) If, after reasonable diligence, service of process cannot be completed under subsection (1) or subsection (2), service of process may be effected by service upon the Secretary of State as agent of the limited liability company as provided for in s. 48.181.
>
> (4) If the address for the registered agent, member, or manager is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the domestic or foreign limited liability company may be made by serving the registered agent, member, or manager in accordance with s. 48.031.

A plaintiff must perfect service of process on a limited liability corporation in accordance with Section 48.062 within 120 days after filing his initial complaint. Fla. R. Civ. P. 1.070(j).

Florida law requires "[s]trict compliance with the statutes governing service of process." Schupak v. Sutton Hill Assocs., 710 So. 2d 707, 708 (Fla. 4th DCA 1998)(citations omitted). When a party "fails to strictly comply with these rules, service must be quashed." Brown v. U.S. Bank Nat. Ass'n, 117 So. 3d 823, 824 (Fla. 4th DCA 2013)(citations omitted). The plaintiff bears the burden of establishing proper service when the sufficiency of process is contested. Reeves v. Wilbanks, 542 F. App'x 742, 746

7

(11th Cir. 2013)(citing Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981)).

Here, the Return of Service provides that Plaintiff effected service on Antonio Chimiente, Defendant's Assistant General Counsel, on August 19, 2019.  (Doc. #1-4, p. 11.)  As Plaintiff appears to concede (Doc. #31, p. 9), Mr. Chimiente is not Defendant's registered agent; rather, Defendant's registered agent is Brian E. Bomstein.[4]  Aside from his conclusory assertion that Plaintiff failed to locate and serve Defendant's registered agent despite using reasonable diligence, Plaintiff provides no explanation for his failure to properly serve Defendant under Fla. Stat. § 48.062 within 120 days of filing his Complaint.  Thus, the Court finds that Plaintiff has failed to carry his burden in establishing proper service of process under Florida law. Plaintiff's service of process is therefore quashed.  Brown, 117 So. 3d at 824.

Should Plaintiff elect to file an Amended Complaint, service of process shall be governed by federal law.  See 28 U.S.C. § 1448 ("In all cases removed from any State court . . . in which the

---

[4] The Court takes judicial notice of the name of Defendant's registered agent, which is a public record and can be accessed at sunbiz.org.  See Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010)("A district court may take judicial notice of [public records] without converting a motion to dismiss into a motion for summary judgment." (citation omitted)).

service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."). Thus, if Plaintiff chooses to file an amended pleading, within sixty (60) days of such filing he must serve process under Fed. R. Civ. P. 4(h) or obtain a waiver under Fed. R. Civ. P. 4(d). <u>See</u> Fed. R. Civ. P. 4(m) (Where a plaintiff fails to timely effect service of process, a court may "order that service be made within a specified time.").

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #10) is **GRANTED.**

2. The Complaint is **dismissed without prejudice.**

3. Plaintiff's service of process is **QUASHED.**

4. Plaintiff may file an Amended Complaint within **FOURTEEN (14) DAYS** of the date of this Opinion and Order.

5. In the event Plaintiff elects to file an Amended Complaint, Plaintiff must effect service of process in accordance with the Federal Rules of Civil Procedure no later than **SIXTY (60) DAYS** after the date he files the Amended Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of April, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

10